# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.C. Jr.**

**No. 19-0655** (Hampshire County 19-JA-05)

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother H.W., by counsel David C. Fuellhart III, appeals the Circuit Court of Hampshire County's May 17, 2019, order terminating her parental rights to A.C. Jr.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Joyce E. Stewart, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2019, the DHHR filed an abuse and neglect petition against petitioner alleging that her drug abuse, unfit housing, and living conditions threatened the health and welfare of the child. Specifically, the DHHR alleged that the trailer in which petitioner and the child lived had a total of eleven people living in it, was filthy and cluttered, had structural issues, and had several safety hazards. The DHHR further alleged that petitioner had "lost her parental rights to five (5) other children through terminations and relinquishment." Petitioner's current residence was the same subject residence from which the older children were removed in prior abuse and neglect proceedings. Thereafter, petitioner waived her preliminary hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

The circuit court held an adjudicatory hearing in February of 2019, wherein petitioner stipulated that she failed to provide safe and adequate housing for the child and failed to vaccinate or otherwise provide proper medical care for the child. The circuit court accepted the stipulation and adjudicated petitioner as an abusing parent. The circuit court also found that petitioner previously voluntarily relinquished her parental rights to one child and her parental rights to four other children were involuntarily terminated due to petitioner's failure to provide safe living conditions for the children. Further, the circuit court found that petitioner had not moved out of the subject home, which the DHHR had deemed to have unfit living conditions for the child. The same day, petitioner filed her motion for a post-adjudicatory improvement period.

The circuit court held dispositional hearings on April 8, 2019, and April 15, 2019. In support of her motion for a post-adjudicatory improvement period, petitioner argued that she was undertaking efforts to obtain appropriate housing, but the DHHR and guardian objected to petitioner's motion. The DHHR presented evidence that not only had petitioner's parental rights been terminated to five older children, but her custodial rights to one child had also been terminated, making the child at issue the seventh child removed from her care. The DHHR also presented evidence that when the subject child was removed, his diaper was soiled and he was later treated for a double ear infection, eczema, and a cyst on his head. The DHHR worker also testified that petitioner had not been honest regarding her child's medical care or where the family had been living. Petitioner testified that she obtained employment and purchased a vehicle, but admitted to making poor decisions that endangered the health of the child. After hearing the evidence, the circuit court held the matter in abeyance.

The circuit court denied petitioner's motion for a post-adjudicatory improvement period and terminated her parental rights by its May 17, 2019, order. The circuit court found that the DHHR provided petitioner with individualized parenting sessions, individualized counseling sessions, couples counseling, individual therapy, and anger management classes in her prior cases. The circuit court also found that, despite these prior services, petitioner failed to properly and timely provide medical care for the child, even though the child qualified for free health insurance coverage. The circuit court noted that petitioner failed to check the child's diaper without prompting at her supervised visitations, which troubled the circuit court considering that this was her seventh child. The circuit court further concluded that the issues that existed in petitioner's prior cases were "basically the same issues existing in this case" as petitioner lived in the same unfit living conditions. The circuit court further found that petitioner had made no effort to change her circumstances and there had been "no substantial diminution in the conditions giving rise to the abuse and neglect in the prior case or the present case since the filing of the instant petition." The circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was in the child's best interests to terminate petitioner's parental rights. Petitioner now appeals the May 17, 2019, dispositional order.[2]

The Court has previously held:

---

[2]The father's parental rights were also terminated. The child is placed with a foster family, and the permanency plan is adoption therein.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period because she had "proved by clear and convincing evidence that she would comply with the same." Petitioner argues that her obtaining employment and a vehicle and leaving her abusive relationship was evidence that she had made "serious efforts" to improve herself. Further, petitioner argues that her supervised visits with the child "were going well" and that the DHHR worker testified that she had made improvements since her prior terminations. However, we find no merit to petitioner's argument.

West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." "This Court has explained that 'an improvement period in the context of abuse and neglect proceedings is viewed as an opportunity for the miscreant parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (citation omitted). Finally, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). While petitioner avers that she made some improvements, the record shows that petitioner failed to correct the conditions of abuse and neglect that led to the prior involuntary terminations of her parental rights to older children. Specifically, petitioner failed to leave the unfit living conditions from which the children were removed. Further, petitioner's ability to care for the child is in question because she needed prompting from the DHHR worker to check the infant child's diaper during supervised visitations. We also note that this is petitioner's seventh child subjected to a child abuse and neglect proceeding, yet petitioner has failed to make any substantial changes to her circumstances despite the DHHR's numerous interventions and services. Therefore, it was clear that petitioner was unlikely to fully participate in an improvement period, and we find no error in the circuit court's decision.

Petitioner next argues that the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future was

"not supported by the evidence." She further argues that the circuit court should have imposed a less-restrictive dispositional alternative to the termination of her parental rights. We disagree.

West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. "No reasonable likelihood that conditions of neglect or abuse can be substantially corrected" means that "the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." *Id.* at § 49-4-604(c). We also acknowledge that "the legislature has reduced the minimum threshold of evidence necessary for termination [of parental rights] where one of the factors outlined in [W. Va. Code § 49-4-605] is present," such as the termination of parental rights to the sibling of a child named in the petition. Syl. Pt. 2, in part, *In re George Glen B., Jr.*, 205 W. Va. 435, 518 S.E.2d 863 (1999). However, "prior to the [circuit] court's . . . disposition regarding the petition, it must allow the development of evidence surrounding the prior involuntary terminstaion(s) and what actions, if any, the parent(s) have taken to remedy the circumstances which led to the prior termination(s)." *Id.* at 437, 518 S.E.2d at 865, syl pt. 4, in part.

The record establishes that petitioner demonstrated an inadequate capacity to solve the problems of abuse or neglect given that this was her seventh child involved in a child abuse and neglect proceeding and she remained in the same unfit living conditions that were the subject of prior child abuse and neglect petitions with other children. Despite the DHHR's extensive services to petitioner in previous cases, there is no indication that petitioner has made any substantial improvements or was willing to make changes to her abusive and/or neglectful behavior in the future. As such, the evidence supports the circuit court's conclusion that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Lastly, we find that the termination of petitioner's parental rights was necessary for the child's welfare, given petitioner's failure to remedy the chronic conditions at issue that have resulted in the termination of her parental rights to five older children.

To the extent petitioner claims that she should have been granted a less-restrictive disposition, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Because the circuit court properly found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future, a less-restrictive dispositional alternative was not warranted.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 17, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: April 6, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison